# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHUNDELL L. DICKERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 3:14-cv-1717 |
| ) | Judge Aleta A. Trauger |
| ) | Magistrate Judge Knowles |
| DEBRA JOHNSON, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

On February 11, 2016, the Magistrate Judge issued a Report and Recommendation (Docket No. 50) recommending that the petitioner's Motion for Discovery (Docket No. 42) be denied, and, on February 24, 2016, the petitioner filed Objections (Docket No. 51). The respondent was given the opportunity to oppose the Objections within fourteen days of the filing of the Objections (Docket No. 50, p. 7), but she did not file any response. For the reasons discussed herein, the petitioner's Objections to the Report and Recommendation will be sustained in part.

The petitioner, Shundell L. Dickerson, is a state prisoner petitioning for habeas corpus relief from his conviction for facilitation of first degree murder. Mr. Dickerson's case involved the fatal shooting of Eric Johnson in the parking lot outside of a store in Davidson County on October 19, 2003. *See State v. Dickerson*, No. M2006-02021, 2008 WL 2780591, at *1 (Tenn. Crim. App. July 18, 2008). At the trial, the State's evidence consisted of (1) testimony from three witnesses that Mr. Dickerson told them that he had killed Mr. Johnson, and (2) evidence – presented by ballistics expert Officer Michael Pyburn of the Metro Nashville Police Department ("MNPD") – that a spent shell casing found at the murder scene five days after Mr. Johnson's

1

murder was fired from the same gun as a spent shell casing found at the home of the mother of Mr. Dickerson's children after Mr. Dickerson allegedly shot her television set during an argument. *Id.*; (Docket No. 51, p. 1). Mr. Dickerson's trial occurred in August of 2005, and defense counsel presented evidence that impeached the State's three confession witnesses. (*See* Docket No. 51, p. 2.) Although Mr. Dickerson was indicted for first degree murder, he was only convicted of facilitation of first degree murder, a conviction that Mr. Dickerson argues was "evidently based on the undisputed proposition that he had the murder weapon after the murder." (*Id.* at p. 12.)

In his Second Amended Petition, Mr. Dickerson argues that the State violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Giglio v. United States*, 405 U.S. 150, 153–55 (1972), by "withholding evidence and impeachment material favorable to [him]" in his 2005 trial. (Docket No. 34, p. 26.) Specifically, Mr. Dickerson notes that a 2008 audit conducted by the MNPD found that Officer Pyburn – the ballistics expert – had (1) made and then attempted to cover up a gross error in a ballistics analysis he had performed, and (2) been "routinely ignoring the standards and procedures put in place to insure [sic] quality control." (*Id.* at p. 20.) Mr. Dickerson argues that, if Officer Pyburn had been committing this misconduct prior to, or during, Mr. Dickerson's August 2005 trial, "then the State's failure to disclose that misconduct to the defense would constitute a *Brady* violation" because, if disclosed, it would have subjected Officer Pyburn to significant impeachment and undermined any conclusion that Mr. Dickerson possessed the murder weapon after the murder. (*Id.* at p. 27.)[1]

---

[1] It appears that, if Officer Pyburn were committing this misconduct prior to Mr. Dickerson's 2005 trial, the State's failure to disclose the misconduct to the defense constitutes a *Brady* violation even if no one other than Officer Pyburn himself was aware of his misconduct. *See Houston v. Waller*, No. 1:05-00013, 2008 WL 2872286, *2 (M.D. Tenn. July 24, 2008), *aff'd*, 420 F. App'x 501 (6th Cir. 2011).

2

Mr. Dickerson now seeks discovery "that can reasonably be expected to fortify his *Brady* claim" regarding Officer Pyburn. (Docket No. 42, p. 1). On April 30, 2015, Mr. Dickerson filed a Motion for Discovery requesting that the court authorize the following:

1. A subpoena to the Metro Nashville Police Department requiring the production of the following within 30 days:
    a. all records relating to the audit done on Michael Pyburn in 2008, and any previous audits;
    b. all records relating to Pyburn's practice of routinely ignoring quality-control standards and procedures, and any other records relating to errors or misconduct in his ballistics work;
    c. all records relating to the ballistics examinations that Pyburn did in relation to Dickerson's cases (both the murder case and domestic-violence case), including records showing whether he entered his results in IBIS;
    d. all records relating to the ballistics examination case in which Pyburn made the erroneous match;
    e. all records relating to MNPD's and Pyburn's participation in the Ruger ten-barrel test.
2. A subpoena to the Metro Nashville Police Department and/or the Davidson County Court granting Dickerson access to the casings and projectiles examined in his cases in order that he can have them examined by an independent expert.
3. Depositions of Michael Pyburn and MNPD Chief Steve Anderson (who wrote the report regarding Pyburn's misconduct).

(*Id.* at pp. 3–4.)

A habeas petitioner is not entitled to discovery as a matter of ordinary course, *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), but a court may authorize discovery "for good cause" pursuant to Habeas Rule 6. Mr. Dickerson contends that the court should allow the requested discovery because, in light of the investigation into Officer Pyburn in 2008, there is reason to believe the requested discovery will produce evidence that Officer Pyburn was engaging in misconduct at the time of the 2005 trial. (Docket No. 42, p. 7.) The respondent, Debra Johnson, filed a Response on May 12, 2015, arguing primarily that Mr. Dickerson failed to provide factual

3

support showing that good cause exists for his request and that he instead relied on statements about the "possible or speculative existence of evidence." (Docket No. 44, pp. 4–5.) Ms. Johnson essentially argues that, because Mr. Dickerson cannot currently state with certainty that Officer Pyburn was engaging in misconduct in 2005, Mr. Dickerson should not be allowed discovery to ascertain whether such misconduct occurred. On May 16, 2015, Mr. Dickerson filed a Reply. (Docket No. 45.)

On February 11, 2016, the Magistrate Judge issued a Report and Recommendation, recommending the denial of Mr. Dickerson's Motion for Discovery. (Docket No. 50.) The Report and Recommendation acknowledged that, pursuant to Habeas Rule 6, the court may authorize discovery "for good cause" (*id.* at p. 4) but ultimately concluded that Mr. Dickerson had not "made specific factual allegations to show a possible *Brady* violation" (*id.* at p. 6). The Magistrate Judge characterized Mr. Dickerson's request as "rest[ing] entirely upon speculation that Officer Pyburn's actions occurred during or prior to Dickerson's trial" and concluded that Mr. Dickerson, therefore, cannot "make the required showing" that he is entitled to discovery into the scope and duration of Officer Pyburn's misconduct. (*Id.*)

Mr. Dickerson filed the Objections to the Report and Recommendation on February 24, 2016. (Docket No. 51.) Under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 626(b)(1)(A), a party may object to a magistrate judge's non-dispositive orders, such as an order on a motion for discovery. If a timely objection is filed, the district court must review the objection and may only reject the magistrate judge's ruling if the movant demonstrates that the rule is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.,* 470 U.S.

4

564, 573–74 (1985). A ruling is clearly erroneous, however, where "it is against the clear weight of the evidence" or where the court is of the "definite and firm conviction that a mistake has been made." *In re Mace*, 573 F. App'x 490, 496 (6th Cir. 2014) (citing *In re AMTrust Fin. Corp.*, 694 F.3d 741, 749 (6th Cir. 2012)).

The court finds that the Magistrate Judge's recommendation that the petitioner's Motion for Discovery be denied was clearly erroneous. As the Report and Recommendation states, and as the respondent herself has argued, good cause exists when "specific allegations before the Court show reason to believe that the petitioner *may*, if the facts are fully developed, be able to demonstrate that he is entitled to relief." (Docket No. 50, p. 6 (emphasis added) (quoting *Bracy*, 520 U.S. at 908–09); Docket No. 44, p. 2.) Mr. Dickerson has presented the court with specific allegations, outlined in the Report and Recommendation, that in April of 2008, Officer Pyburn retired from the NMPD to avoid a finding of "especially egregious misconduct." (Docket No. 50, p. 3.) Mr. Dickerson further presented the court with specific allegations that, prior to Officer Pyburn's 2008 retirement, the MNPD had investigated him and found that: (1) Officer Pyburn had made a "gross error" in a previous case that involved declaring two bullets to have come from the same gun when they were not even of the same caliber; (2) Officer Pyburn tried to cover up the error by lying when he was confronted with his mistake; (3) Officer Pyburn had likely also lied about whether he had used a mandatory quality-control procedure that should have caught that error; and (4) Officer Pyburn was "*routinely* ignoring the standards and procedures put in place to insure [sic] quality control." (Docket No. 42, pp. 2–3; Docket No. 50, p. 3.)

The fact that the MNPD concluded in 2008 that Officer Pyburn had made errors, attempted to cover them up, and *routinely* engaged in misconduct gives the court reason to

5

believe that, if Mr. Dickerson is allowed to fully develop the facts and ascertain the scope and duration of Officer Pyburn's misconduct, he *may* discover that Officer Pyburn was making errors, covering them up, and/or engaging in other misconduct at the time of his trial in 2005. Such evidence may allow Mr. Dickerson to demonstrate a *Brady* violation that would entitle him to relief, and the court, therefore, is of the definite and firm conviction that a mistake was made when the Magistrate Judge concluded that good cause did not exist to warrant Mr. Dickerson's requested discovery.

The court will not, however, authorize all of the discovery that Mr. Dickerson has requested, as certain of the requests are overbroad and unduly burdensome. The court will limit authorized discovery to (1) records relating to audits done on Officer Pyburn and the ballistics examinations performed by him in relation to Mr. Dickerson's murder and domestic-violence case, (2) access to the casings and projectiles examined in Mr. Dickerson's cases, and (3) the deposition of Officer Pyburn.

For the reasons discussed herein, the petitioner's Objections to the Report and Recommendation (Docket No. 51) are **SUSTAINED IN PART**, and the Report and Recommendation is **REJECTED IN PART**. The court hereby **AUTHORIZES** the following discovery:

1. A subpoena to the Metro Nashville Police Department requiring the production of the following within 30 days:
    a. all records relating to the audit done on Michael Pyburn in 2008, and any previous audits of Mr. Pyburn; and
    b. all records relating to the ballistics examinations that Pyburn did in relation to Mr. Dickerson's cases (both the murder case and domestic-violence case), including records showing whether he entered his results in IBIS.
2. A subpoena to the Metro Nashville Police Department and/or the Davidson County Court granting Dickerson access to the casings and projectiles examined in his cases in order that he can have them examined

6

> by an independent expert.

3. The deposition of Michael Pyburn, to be scheduled at the convenience of the parties and the witness.

This case is **RETURNED** to the Magistrate Judge for further handling under the original referral Order.

It is so **ORDERED**.

Enter this 15th day of March 2016.

_____
ALETA A. TRAUGER
United States District Judge