IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHUNDELL L. DICKERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 3:14-cv-01717 |
| ) | |
| DEBORAH JOHNSON, WARDEN, ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE FRENSLEY |
| Respondent. ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 91), recommending that Petitioner's Second Amended Petition for Writ of Habeas Corpus be denied and dismissed with prejudice and that a certificate of appealability be denied as to all claims. Petitioner filed objections to the Report and Recommendation (Doc. No. 92), Respondent filed a Response (Doc. No. 93), and Petitioner filed a Reply (Doc. No. 94). After a *de novo* review, and for the following reasons, Petitioner's objections are OVERRULED and the Report and Recommendation is ADOPTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner, Shundell L. Dickerson, is a state prisoner petitioning for habeas corpus relief from his conviction for facilitation of first-degree murder. Petitioner's case involved the fatal shooting of Eric Johnson in the parking lot outside of a store in Davidson County on October 19, 2003. *See State v. Dickerson*, No. M2006-02021, 2008 WL 2780591, at *1 (Tenn. Crim. App. July 18, 2008). At the trial, the State's evidence consisted of (1) testimony from three witnesses that Petitioner told them that he had killed Mr. Johnson, and (2) evidence – presented by ballistics expert Officer Michael Pyburn of the Metro Nashville Police Department – that a spent shell casing

found at the murder scene was fired from the same gun as a spent shell casing found at the home of the mother of Petitioner's children five days after Mr. Johnson's murder. *Id*.; (Doc. No. 51 at 1). Petitioner's trial occurred in August of 2005, and defense counsel presented evidence that impeached the State's three confession witnesses. (Doc. No. 51 at 2). Although Petitioner was indicted for first-degree murder, he was only convicted of facilitation of first-degree murder, a conviction that Petitioner argues was "evidently based on the undisputed proposition that he had the murder weapon after the murder." (*Id*. at 12).

Petitioner's Second Amended Petition includes claims of ineffective assistance of trial and appellate counsel, that the state withheld impeachment evidence in violation of *Brady v. Maryland*, 373 U. S. 83, 87 (1963), and challenges the sufficiency of the evidence of his guilt. (Doc. No. 34). Petitioner conducted certain discovery and the Court held an evidentiary hearing at which Petitioner's trial and post-conviction counsel testified. (Doc. No. 83). The Magistrate Judge issued a Report and Recommendation (Doc. No. 91), recommending that Petitioner's Second Amended Petition for Writ of Habeas Corpus be denied and dismissed with prejudice and that a certificate of appealability be denied as to all claims. Petitioner objects solely to the Magistrate Judge's recommendation that his claim for ineffective assistance of trial counsel be denied. (Doc. No. 92).

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986) (internal quotation marks and citation omitted). An

"objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Zimmerman*, 354 F. Appx. at 230 (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

Petitioner claims that trial counsel was ineffective based on their failure to establish that only one of four casings at the home of the mother of Petitioner's children was collected and attack the methodology of the state's ballistics expert through cross examination. To substantiate a claim that his counsel was ineffective, a petitioner must prove: (1) that his "counsel's performance was deficient" and (2) that his counsel's "deficient performance prejudiced the defense." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In establishing that a petitioner's counsel was deficient, it must be shown that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id*. In other words, counsel's performance must have fell "'below an objective standard of reasonableness.'" *Campbell v. Coyle*, 260 F. 3d 531, 551 (6th Cir. 2001) (quoting *Strickland*, 466 U.S. at 688). The standard for measuring performance under the deficiency prong is "'reasonableness under prevailing professional norms.'" *Id*. (quoting *Strickland*, 466 U.S. at 688).

The Magistrate Judge analyzed Petitioner's claim for ineffective assistance of trial counsel and concluded that Petitioner had failed to show trial counsel's performance was objectively deficient or resulted in prejudice. Petitioner raises two objections to the Report and

3

Recommendation: (1) that the Magistrate Judge erred in the deficient performance prong of his analysis by classifying trial counsels' failure to elicit certain evidence through cross examination as strategy, (*see* Doc. No. 92 at 20-21); and (2) that the Magistrate Judge erred in the prejudice prong of his analysis because he gave no opinion on whether the failure to prove that only one in four casings were collected was prejudicial (*see id*. at 22).

Petitioner's first objection is to the following portion of the Magistrate Judge's analysis:

> The sum of Petitioner's argument is that counsel should have done a better job calling into question the alleged fact that he was the shooter who created the shell casing recovered from the Frierson residence used to match the murder weapon.
>
> While Petitioner disagrees with the method used by counsel, it is clear that this is exactly what counsel attempted to do in this case. By arguing that it was unreasonable Dickerson would have fled the duplex and then returned to the duplex to be arrested was an effort to challenge the contention that Dickerson fired the weapon on October 24. Likewise, counsel established that Officer Strickling had no personal knowledge of whether a gun was fired in the Frierson residence that night and that he had no idea how long the shell casings had been at the duplex. Docket No. 23-2, pp. 23-24.
>
> The court's task is "not to grade counsel's performance," *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069, or ask whether the attorney could have performed better, or ask whether some novel, unenacted strategy might have led to a better outcome for the client. *Strickland* addresses only the small class of cases in which "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment" at all, 466 U.S. at 687, 104 S. Ct. at 2064, and does not operate as a catch-all mechanism for "fixing" trials we might have conducted differently. *See White v. Singletary*, 972 F. 2d 1218, 1221 (11th Cir. 1992) ("[W]e are interested in whether the adversarial process at trial, in fact, worked adequately.").
>
> The cross-examination of witnesses falls within the area of tactics or strategy that courts typically do not attempt to second guess. "The cross-examination of a witness is a delicate task; what works for one lawyer may not be successful for another. Courts generally entrust cross examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *Henderson v. Norris*, 118 F. 3d 1283, 1287 (8th Cir. 1997). Further, "[i]mpeachment strategy is

4

> a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." *Dell v. Straub*, 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002).
>
> This was a complicated case. Petitioner had the benefit of two experienced lawyers who devoted significant time to investigation and preparation of his defense. Counsel had access to all of the relevant reports and adequate time to prepare the defense in this case. It is clear that counsel was aware that there were multiple casings found based both upon her review of the report and questioning of Officer Strickling. When measured against the objective standard as the Court must, one cannot conclude that counsel performance was deficient. While the strategy and specific questions asked of the witnesses could have been different and might have been better, it does not follow that the performance was deficient. In fact, trial counsel's strategy was identical to the strategy Petitioner suggests should have been followed. The only difference is in the execution.
>
> As with any trial and with any witness, hindsight would allow even the participating lawyer to conclude they could have been more effective in their examination of a given witness. This however is not the standard for relief. If it were, every single case would be reversed. Applying the standard as the Court must, counsel was aware of the evidence regarding the shell casings found at the Frierson residence and attempted to cast doubt about whether Mr. Dickerson created the casings. Additionally, counsel sought to challenge the credibility of Ms. Frierson to further the defense strategy that Dickerson was not responsible for the shell casings found. The Court cannot conclude that this strategy or counsel's performance was deficient.

(Doc. No. 91 at 14-16). As noted above, Petitioner argues that the Magistrate Judge committed a legal error in reaching his conclusion that trial counsel's performance was not deficient. Specifically, Petitioner asserts that the Magistrate Judge erred by classifying trial counsels' failure to establish that only one of four casings at the scene was collected and attack the methodology of the state's ballistics expert through cross examination as strategic. Petitioner argues that these failures were not strategic because trial counsel testified at the evidentiary hearing that they

5

overlooked the importance of the issue rather than deliberately refraining from asking about it. (Doc. No. 92 at 21 (citing Doc. No. 84 at PageID #4054-56)).

A court deciding an actual ineffectiveness claim must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000) (citing *Strickland*, 466 U.S. at 688 (defendant must show that counsel's representation fell below an objective standard of reasonableness)). According to Petitioner, by failing to establish that only one of four casings at the scene was collected and attack the ballistics expert's methodology through cross examination, "defense counsel left unused two of the three readily available avenues for attacking the proposition that [Petitioner] fired the murder weapon five days after the murder." (Doc. No. 92 at 22). Thus, Petitioner acknowledges that trial counsel pursued at least one of the three available avenues for attacking the proposition that he fired the murder weapon five days after the murder. *Cf. Peoples v. Lafler*, 734 F.3d 503, 513 (6th Cir. 2013) ("Peoples was deprived of a substantial defense because he had no other way to prove his theory that Harris and Powell conspired to implicate him."). While trial counsels' chosen avenue may not have been successful to the degree that counsel and Petitioner had hoped, it was nevertheless "within the wide range of reasonable professional assistance." Accordingly, the Court is not persuaded that the Magistrate Judge erred in reaching his conclusion that trial counsels' performance was not constitutionally deficient.

But even if trial counsels' performance was deficient, Petitioner cannot show prejudice. The prejudice element requires a petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

6

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. As noted by the Magistrate Judge, trial counsel established that Officer Strickling had no personal knowledge of whether a gun was fired in the Frierson residence on October 24 and that he had no idea how long the shell casings had been at the duplex. (*See* Doc. No. 91 at 14). The Magistrate Judge further noted that there was other proof connecting Petitioner to the firearm, his statements admitting involvement, and the rejection of his alibi defense. (*See id*. at 20). Petitioner has not carried his burden of demonstrating that there is a reasonable probability that trial counsel establishing that only one of the four casings found at the Frierson residence was collected would have affected the jury verdict.

In his second objection to the Report and Recommendation, Petitioner argues that the Magistrate Judge erred in the prejudice prong of his analysis because he gave no opinion on whether the failure to prove that only one in four casings were collected was prejudicial. (Doc. No. 92 at 22). Petitioner asserts that the Magistrate Judge's prejudice analysis should be disregarded as incomplete because he needed to consider the prejudice of all of counsel's errors collectively. (*Id*. at 22-23). As noted by Respondent, claims of cumulative error are not viable when none of counsel's conduct was determined to be in error, and therefore that a cumulative error analysis is not appropriate. (Doc. No. 93 at 6-7). Additionally, "a court deciding an ineffective assistance claim" need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. Here, the Magistrate Judge determined that Petitioner made an insufficient showing on the deficient performance prong of the analysis for his individual ineffective assistance claims. Accordingly, even if the Magistrate Judge's prejudice analysis was incomplete, Petitioner has not demonstrated that this objection undermines the

7

Case 3:14-cv-01717 Document 95 Filed 03/25/21 Page 7 of 8 PageID #: 4230

Report's conclusions or otherwise provides a basis to reject or modify the Report and Recommendation.

## IV. CONCLUSION

Having reviewed the Report and Recommendation and fully considered Petitioner's objections, the Court concludes that Petitioner's objections are without merit, and the Report and Recommendation (Doc. No. 91) should be adopted and approved. Accordingly, Petitioner's Amended Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED** as to all claims. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE